UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 4:17-CR-739 |
| LAKISHA GREGORY | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas and Michael Chu, Assistant U.S. Attorney, and the defendant, Lakisha Gregory ("defendant") and defendant's counsel, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) (will dismiss or not bring additional counts), state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.  Defendant agrees to plead guilty to Count 1 of the Indictment. Count 1 charges defendant with Conspiracy to Commit Identity Theft, in violation of 18 U.S.C. § 1028(f). Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the Indictment, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2. The statutory maximum penalty for a violation of 18 U.S.C. § 1028(f) is the same penalty as the substantive offense, in this case, 18 U.S.C. § 1028(a)(7) & (b)(1)(D), to wit: imprisonment of not more than 15 years and a fine of not more than $250,000 (or an amount not greater than twice the gross gain or loss, unless imposition of a fine would unduly complicate or prolong the sentencing process). Additionally, defendant may receive a term of supervised release after imprisonment of up to 3 years. *See* 18 U.S.C. §§ 3559 and 3583. Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* 18 U.S.C. §§ 3559 and 3583(e)(3). Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

## Mandatory Special Assessment

3. Pursuant to 18 U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the

United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised defendant of the potential immigration consequences resulting from defendant's plea of guilty.

## Waiver of Appeal and Collateral Review

5. Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that 28 U.S.C. § 2255 affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under 28 U.S.C. § 2255.

In the event that defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks her conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that she may have received from her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

8. The United States agrees to each of the following:

   (a) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that she receive a two (2) level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, should Defendant accept responsibility as contemplated by the Sentencing Guidelines; and

   (b) If the Court determines that defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because defendant timely notified authorities of her or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

9. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute defendant in the Southern District of Texas for offenses arising from conduct charged in the Indictment. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

> (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;
>
> (b) to set forth or dispute sentencing factors or facts material to sentencing;
>
> (c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office;
>
> (d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(a); and
>
> (e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

11. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of 18 U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the

applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

12. Defendant understands that by entering into this agreement, she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

   (a) If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if defendant, the United States, and the court all agree.

   (b) At a trial, the United States would be required to present witnesses and other evidence against defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court; and

   (c) At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt

could be drawn from such refusal to testify. However, if defendant desired to do so, she could testify on her own behalf.

### Factual Basis for Guilty Plea

13. Defendant is pleading guilty because she is, in fact, guilty of the charges contained in the Indictment. The Parties agree that if this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt, and that the United States could prove the following facts, among others, to establish defendant's guilt:

**Conspiracy to commit identity theft**

14. From no later than in or about 2015 and continuing until at least in or about April 2017, in the Houston Division of the Southern District of Texas and elsewhere, Gregory knowingly conspired with Yakshica Adams and Joseph Willie to commit identity theft, in violation of 18 U.S.C. § 1028(a)(7) & (b)(1)(D).

15. For example, from no later than December 2015 to April 2017, when she worked in Victim Company B's customer service department, Gregory stole names, Social Security Numbers, and other means of identification belonging to at least 269 patients.

16. Gregory and Adams sold means of identification for these and other victims to Joseph Willie who, in turn, used this information to defraud providers of

electric, cable, and internet services in connection with unlawful activity that constitutes a violation of federal law, to wit: a conspiracy to commit wire fraud.

17. Joseph Willie offered to sell electric, cable, and internet services to people at a discount from what these companies would bill for their services. When those people asked him to provide electric, cable, and internet services, Joseph Willie used without lawful authority the means of identification provided by Adams to open accounts at these electric, cable, and internet service companies. When these electric, cable, and internet service companies sent out bills for the services they provided, the bills were directed to the victims whose means of identification were stolen, not the people who were receiving utility services. As a result, these providers of electric, cable, and internet services suffered total actual losses of at least $581,098.10 for the entire period of the conspiracy.

18. The Parties agree that Gregory participated in the conspiracy from at least no later than December 2015 to April 2017. Thus, the Parties agree that the loss amount attributable to the time that she participated in the conspiracy is at least $149,999. The Parties also agree that Gregory provided the means of identification of more than 10 individual victims. The Parties agree to litigate any other sentencing issues.

19. Defendant committed many, if not all, of her acts in furtherance of the conspiracy within the Southern District of Texas.

### Breach of Plea Agreement

20. If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and defendant's plea and sentence will stand. If at any time defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

21. This Plea Agreement is being entered into by the United States on the basis of defendant's express representation that she will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which she has any financial interest. Defendant agrees not to dispose of any assets or take

any action that would effect a transfer of property in which she has an interest, unless defendant obtains the prior written permission of the United States.

22. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to defendant's complete financial disclosure.

23. Defendant agrees to take all steps necessary to pass clear title to assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of her assets to deliver all funds and records of such assets to the United States. The United States does not waive any rights or remedies, including forfeiture of property, as a means to reimburse the crime victim(s). Nothing in this Agreement precludes the United

11

States from pursuing statutorily permitted enforcement action and any and all remedies to collect restitution once a restitution order is imposed.

24. Defendant understands that restitution and fines are separate components of sentencing and are separate obligations.

### Restitution

25. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of her criminal conduct, the victim(s) incurred a monetary loss of at least $149,999.00. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

26. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but

without limitation, Defendant stipulates that the following specific property is subject to forfeiture:

    (a) Samsung Galaxy Amp2 S/N R58J11Y3A1V IMEI: 356419078778109
    (b) Samsung Galaxy S6 S/N RF8H329JWND IMEI: 356511070109927
    (c) Samsung SGH-I337Z FCCID: A3LSGHI337, IMEI: 358010050295101, S/N R38F500SJ2F
    (d) Samsung SGH-I337Z FCCID: A3LSGHI337, IMEI: 358010051171715, S/N R38G30H5VJN
    (e) CELLPHONE APPLE IPHONE MODEL A1633 IMEI: UNKNOWN, W/BROWN AND WHITE CASE
    (f) CELL PHONE APPLE IPHONE, MODEL A1522 IMEI 354389064660896
    (g) CELL PHONE APPLE IPHONE, MODEL A1522 IMEI 355876065122966
    (h) CELL PHONE APPLE IPHONE, MODEL A1522 IMEI 354451060515159
    (i) TABLET APPLE IPAD MODEL A1600 S/N: F4KNM5QSG5Y1
    (j) TABLET APPLE IPAD MODEL A1475 S/N: DMPMFENF4YD
    (k) TABLET APPLE IPAD 16GB MODEL A1395 S/N: DYTJ9Z17DKPH
    (l) CELL PHONE APPLE IPHONE, MODEL A1549 IMEI 354407061963848 P/C 0000
    (m) QHO01_S - Apple MacBook Laptop Model A1181 (EMC No:2300) Serial W891305Q4R2
    (n) QHO02_S - Toshiba Laptop Model Satellite C55-B5299 Serial XE370866P
    (o) QHO03_S - Dell Laptop Model Inspiron 15 Serial 7J2GZB2
    (p) CELL PHONE IPHONE (A1660) S/N C76SW0LEHG7 IMEI: 355308089399958

    27.    The Parties agree that in lieu of forfeiture, the United States may, in its sole discretion, erase the contents of these devices and return them to defendant.

    28.    Defendant stipulates and agrees that Defendant obtained at least $5,000.00 from the criminal offenses and that the factual basis for her guilty plea supports the forfeiture of $5,000.00. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, section 853(p),

exists. Defendant agrees to forfeit any of Defendant's property in substitution, up to a total forfeiture of $5,000.00. Defendant agrees to the imposition of a personal money judgment in that amount.

29. ~~Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.~~ *MC OA* *Struck at request of Ct.*

30. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

31. Subject to the provisions above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Fines**

32. Defendant understands that under the Sentencing Guidelines the Court is permitted to order defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment. Subject to

14

the provisions above, defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

33. This written plea agreement, consisting of 18 pages, including the attached addendum of defendant and her attorney, constitutes the complete plea agreement between the United States, defendant, and defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

*Continued on next page*

34. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on _____June 18_____, 2018.

_____
Lakisha Gregory

Subscribed and sworn to before me on ___June 18___, 2018.

David J. Bradley, Clerk
United States District Clerk

_____
Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

_____  _____
Michael Chu               Darryl Austin, Esq.
Assistant U.S. Attorney   Attorney for defendant

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAKISHA GREGORY | Case No. 4:17-CR-739 |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to defendant her rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to defendant the provisions of those Guidelines which may apply in this case. I have also explained to defendant that the Sentencing Guidelines are only advisory and the court may sentence defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with defendant. To my knowledge, defendant's decision to enter into this agreement is an informed and voluntary one.

_____     _____6/13/18_____
Darryl Austin, attorney for defendant      Date

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained, and

17

I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____     _____
Defendant Lakisha Gregory                             Date